UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL CALVIN,

                    Plaintiff,

-against-

LIEUTENANT SCHMITT, et al.,

                    Defendants.

No. 15 Civ. 6584 (NSR)

MEMORANDUM & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff, Michael Calvin ("Plaintiff"), by letter dated August 7, 2017, seeks reconsideration of this Court's July 7, 2017 Opinion and Order (the "Opinion") (ECF No. 33) granting Defendants' motions to dismiss. Plaintiff asserts the Court misconstrued his assertions and that his allegations are not fabricated.[1] (Doc. No. 34) Defendants oppose the motion on the basis it is untimely and lacks merit. For the following reasons, Plaintiff's motion for reconsideration is denied.

Familiarity with the Opinion and the factual background of this action is assumed.

**LEGAL STANDARD**

Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05 Civ. 3430, 05 Civ. 4759 & 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir. 2006). Motions for

---

[1] Plaintiff claims "to be God, and God cannot lie."

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/25/2017

Copies mailed/faxed 9/25/2017
Chambers of Nelson S. Román, U.S.D.J.

reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b), and "[t]he standard for granting a motion for reconsideration . . . is strict." *Targum v. Citrin Cooperman & Company, LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990).

Importantly, a motion to reconsider "is not a vehicle for . . . presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97 Civ. 0690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)) (in moving for reconsideration, "'a party may not advance new facts, issues, or arguments not previously presented to the Court.'"). Generally, these motions "'will [] be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Lastly, unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion. Local Rule 63.

## DISCUSSION

Plaintiff's motion must be denied in its entirety. Local Rule 63 requires a party seeking reconsideration to file its motion within fourteen days after entry of the Court's determination. Here, the Opinion was issued and entered on July 7, 2017. Plaintiff served his motion for

reconsideration approximately thirty (30) days after the Opinion was issued. Thus, the motion is untimely. Additionally, Plaintiff does not demonstrate how the Court overlooked a controlling legal principal or law, nor misapplied relevant facts in the pleadings.

In the Opinion, Plaintiff was granted thirty-five days from July 7, 2017 to file an amended Complaint only as to those claims that were dismissed without prejudice. More than thirty five days have passed and Plaintiff has yet to file an amended pleading consistent with the Opinion. Thus, the Complaint is deemed dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 34 and to close the case. This constitutes the Court's Opinion and Order.

Dated: September 25, 2017
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge